IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | CIVIL ACTION NO.<br>1:14-cv-00708 |
| v. | ) <br> ) | COMPLAINT |
| FOOD LION, LLC, | ) <br> ) | |
| Defendant. | ) <br> ) <br> ) | JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Victaurius L. Bailey who was adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Food Lion, LLC ("Defendant") failed to accommodate Bailey's religious beliefs and discharged him because of his religion, Jehovah's Witness.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e-5(f)(1) and (3) ("Title VII") Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina Corporation doing business in the State of North Carolina, including the cities of Winston-Salem and Kernersville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Bailey filed a charge with the Commission alleging violations of Title VII by Defendant. All

conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about June 27, 2011, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by refusing to accommodate the sincerely held religious belief and practice of Bailey and discharging him because of his religion, Jehovah's Witness.

8. Bailey is a practicing Jehovah's Witness who holds the positions of minister and elder in his congregation. Bailey holds the sincere religious belief that he must attend church services on Sundays and Thursday evenings. He also believes that because of his faith and his position as elder, which is ordained by Bible scripture, he must attend certain meetings related to religious matters on Sundays and Thursday evenings, including theocratic ministry school to help members of the congregation become effective ministers. Bailey's faith also requires him to attend church services and meetings related to religious matters one night during the week. During the relevant period, Bailey attended church services and such meetings on Thursday evenings starting at 7:00 p.m.

9. On or about June 6, 2011, Defendant hired Bailey as a full-time Meat Cutter at Market Number 1044 in Winston-Salem, North Carolina. When hired, Bailey told the Store Manager that he was a Jehovah's Witness and that he was unable to work on Sundays, and was unable to work Thursday evenings after 7:00 p.m. Bailey also informed the Store Manager for Market Number 1044 that he would need time off from

work on Friday, June 24, 2011 through Sunday, June 26, 2011 due to a Jehovah's Witness convention in Winston-Salem. Bailey was planning to attend the convention as a part of his sincerely held religious beliefs and practices.

10. According to Bailey, the Store Manager for Market Number 1044 was agreeable to his scheduling requests, and hired Bailey with the understanding he could not be scheduled to work on Sundays, Thursday evenings after 7:00 p.m., or from June 24, 2011 through June 26, 2011 due to his religious beliefs and practices.

11. Defendant assigned Bailey to work at Market Number 334 in Kernersville, North Carolina. When Bailey began working in Kernersville, he told the Store Manager for Market Number 334 that the Store Manager for Market Number 1044 had approved his request to not work on Sundays or Thursdays after 7:00 p.m. In response, the Store Manager for Market Number 334 commented that he did not understand how Bailey could work if he was unavailable to work Sundays.

12. Despite its knowledge of Bailey's sincerely held religious beliefs and practices as stated herein, Defendant scheduled Bailey to work Monday, June 20, 2011 through Sunday, June 26, 2011. Bailey did not work June 24, 2011 through June 26, 2011 because he attended the Jehovah's Witness convention which he had been approved to attend by the Store Manager for Market Number 1044.

13. On or about June 27, 2011, Bailey was notified by the Store Manager for Market Number 1044 that he was being discharged because of his unavailability to work

4

Sundays. Defendant failed to accommodate Bailey's religious beliefs and discharged him because of his religion, Jehovah's Witness

14. The effect of the practices complained of above has been to deprive Bailey of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Bailey.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their need for a reasonable accommodation for those belief.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Bailey whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Bailey whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in above, in amounts to be determined at trial.

E. Order Defendant to make Bailey whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Bailey punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 20th day of August, 2014.

Respectfully submitted,

EQUAL EMPLOYMEMNT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

**/s/ Darryl L. Edwards**
DARRYL L. EDWARDS
Trial Attorney (PA Bar ID#205906)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**