IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14CV708 |
| FOOD LION, LLC, | ) ) | |
| Defendant. | ) ) | |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged Defendant Food Lion, LLC ("Defendant") discriminated against Victaurius Bailey on the basis of his religion, Jehovah's Witness, by failing to accommodate his religious beliefs and discharging him. Defendant denies the allegations made by the Commission and further denies any wrongdoing or liability. Likewise, in entering into this Consent Decree, the Commission does not disavow the allegations in its Complaint.

The Commission and Defendant hereby stipulate to jurisdiction of the court over the parties and agree that the subject matter of this action is properly before the court.

The parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. The parties agree this Decree resolves any and all claims against Defendant alleged in EEOC Charge Number 435 2011 00709 and the Complaint filed in this action. It is therefore the finding of this court, made on the pleadings and the record as a whole, that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of religion within the meaning of Title VII by failing to provide a reasonable accommodation to any employee who requests such accommodation based on his or her religion, or by discharging any employee because of his or her religious

practice, unless such accommodation would result in an undue hardship to Defendant.

2. Defendant shall pay Victaurius Bailey the sum of Fifty Thousand Five Hundred Dollars ($50,500), by issuing a check payable to Victaurius Bailey, in settlement of the claims raised in this action. Payment shall be made within fifteen (15) days after the court approves this Consent Decree. Defendant shall mail the check to Mr. Bailey at an address to be provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of Mr. Bailey's check and proof of its delivery to Mr. Bailey. Neither the Commission nor Defendant makes any representations, or assumes any responsibility for any tax liability, assessments, interest, penalties and/or costs that Mr. Bailey may or may not incur on such payments under local, state, and/or federal law.

3. Defendant hereby certifies that its employment records of Victaurius Bailey do not contain any documents, entries, or references of any kind relating to the allegations contained in EEOC Charge Number 435-2011-00709 or to the filing and presentation of this lawsuit.

4. Defendant shall provide Victaurius Bailey with a letter of reference in the form attached hereto as Exhibit A.

Within ten (10) days of the entry of this Decree by the court, the original, signed letter of reference shall be provided to Mr. Bailey at an address to be provided by the Commission. Mr. Bailey is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Mr. Bailey from a potential employer, it will provide only the information set forth in the letter of reference in response. Defendant's Corporate Office in Salisbury, North Carolina, will respond to all inquiries about Mr. Bailey's employment by potential employers.

5. Within ninety (90) days of the entry of this Decree by the court, Defendant shall revise its Respect in the Workplace Policy, attached as Exhibit B, to include language that governs employee requests for religious-based accommodations and employee requests for other accommodations based on the protected categories set forth in the policy. Specifically, the policy shall include a procedure for employees to make accommodation requests, including religion-based accommodation requests, and a procedure for review and determination of whether a request will be granted. Defendant shall post a copy of the policy in all supermarkets in North Carolina. Defendant shall also post the policy on Defendant's intranet site, to

- 4 -

which all of Defendant's employees have access.  Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees and supervise the review of the policy with those employees at the time of hire.

    6.    Within ninety-five (95) days and continuing throughout the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, in all supermarkets that report to the Director of Operations in the Winston-Salem/Mount Airy Region (the "Winston-Salem Division") (said markets are identified as of the date of this Decree on the document attached hereto as Exhibit D and are **s**ubject to change). The policy shall be posted in a place where it is visible to employees. The policy will also be posted on Defendant's intranet site, to which all of Defendant's employees have access. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance with this provision to the Commission.

    7.    During the term of this Decree, Defendant shall provide an annual training program to all Directors of

Operations, Store Managers, and Human Resources Specialists with responsibility for any North Carolina store.  Each training program shall include an explanation of the requirements of Title VII, and its prohibition of religious discrimination in the workplace.  Each training program shall also include an explanation of reasonable accommodation of religious beliefs under Title VII, including what constitutes a reasonable accommodation, and what actions Directors of Operations, Store Managers, and Human Resources Specialists should take in response to a request for a religious accommodation.  Further, each training program shall include an explanation of Defendant's policy referenced in paragraph 5, above, and an explanation of the rights and responsibilities of Directors of Operations, Store Managers, and Human Resources Specialists under the policy.

The first training program shall be completed within one hundred eighty (180) days after entry of the Decree by the court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.  The agenda should contain

sufficient detail to show that the items mentioned immediately above (in this paragraph) will be included in the training.  If the agenda meets this requirement, Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees who completed the training.

8.  Beginning within thirty (30) days after the entry of this Decree by the court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in a place where it is visible to employees in Defendant's Stores 1044 and 334.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.  Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9.  During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after

approval by the court of this Decree. The reports will include the following information:

  a. Identify each employee in the Winston-Salem Division who requested a religious accommodation, or applicant for employment known by Defendant in the Winston-Salem Division to have requested at any time during the reporting period a religious accommodation, including by way of identification each person's full name, job title or position sought, date of accommodation request, accommodation requested, whether the request was granted and what, if any, accommodation was provided to the individual;

  b. For each individual identified in response to 9.a, above, who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted;

  c. For each employee identified in response to 9.a. above, explain whether the individual's employment status has changed (for example, the employee was terminated or the employee's position was changed in Defendant's database, including from full-time to part-time or vice versa) after the individual's request for religious accommodation; and

  d. For each employee whose employment has changed as identified in 9.c. above, Defendant will provide the reason why

the individual's employment status has changed, if known by Defendant;

  e.  For each applicant identified in 9.a. above who Defendant did not hire, provide the reason the applicant was not hired;

  f.  An updated list of all markets within Defendant's Winston-Salem Division, originally identified in the attached Exhibit D.

 Defendant agrees that within seventy-two (72) hours of a request by the Commission, Defendant shall provide social security numbers and last known addresses and telephone numbers for individuals identified in response to paragraph 9.a, above, as requested by the Commission.

 In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

 10.  The Commission may review compliance with this Decree. As part of such review, the Commission may, upon seventy-two [72] hours' notice to Defendant's Legal Department at an email address that will be separately provided to the Commission, interview non-management employees, interview management employees in the presence of Defendant's counsel or Defendant's

designated corporate representative, and examine and copy documents related to the Commission's review of Defendant's compliance with this Decree.  As part of a review for compliance with the posting provisions contained in paragraphs 6 and 8 above, the Commission may inspect Defendant's supermarkets without notice for the purpose of confirming compliance with the posting provisions.

    11.  If anytime during the term of this Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant.  Defendant shall have ten (10) days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of ten (10) days, or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

    12.  The term of this Decree shall be two (2) years from its entry by the court.

    13.  All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to:  (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional

Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC  28202.

14.  Each party shall bear its own costs and attorney's fees.

15.  This court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

This the 7th day of July, 2015.

                              /s/ William L. Osteen, Jr.
                              United States District Judge

The parties jointly request that the court approve and enter this Consent Decree.

This 2nd day of July, 2015.

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | FOOD LION, LLC, Defendant |
|---|---|
| /s/ Lynette A. Barnes<br>LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney<br><br>KARA GIBBON HADEN (NC Bar #26192)<br>Supervisory Trial Attorney<br><br>/s/ Darryl L. Edwards<br>DARRYL L. EDWARDS (PA Bar ID # 205906)<br>Trial Attorney<br>Email: darryl.edwards@eeoc.gov<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6467 (direct dial)<br>Facsimile: (704) 954-6412<br><br>**ATTORNEYS FOR PLAINTIFF** | /s/Thomas P. Murphy<br>Thomas P. Murphy<br>Hunton & Williams LLP<br>1751 Pinnacle Drive<br>Suite 1700<br>McLean, Virginia 22102<br>Telephone: (703) 714-7400<br>Facsimile: (703) 714-7410<br>tpmurhpy@hunton.com<br><br>/s/Melissa A. Romanzo<br>Melissa A. Romanzo<br>N.C. Bar No. 38422<br>Hunton & Williams LLP<br>Bank of America Plaza<br>101 South Tryon Street, Suite 3500<br>Charlotte, North Carolina 28280<br>Telephone: (704) 378-4700<br>Facsimile: (704) 378-4890<br>mromanzo@hunton.com<br><br>**ATTORNEYS FOR DEFENDANT** |

<<FOOD LION LETTERHEAD>>

To Prospective Employers of Victaurius Bailey:

      Victaurius Bailey was employed by Food Lion as a full-time Meat Cutter in our Kernersville, North Carolina Market No. 334 and our Winston-Salem, North Carolina Market No. 1044 in June 2011.  It is Food Lion's policy to limit employee reference information to the above information.  Defendant's Corporate Office in Salisbury, NC will respond to all inquiries about Mr. Bailey's employment by potential employers, and can be reached at 704-633-8250.

Sincerely,


Corporate Representative, Food Lion




**EXHIBIT A**

# Respect in the Workplace

Harassment, Discrimination and Retaliation Prohibited

## All Delhaize America, LLC Associates

Delhaize America seeks to provide its associates with a work environment that encourages efficient, productive and creative work. Delhaize America will not tolerate verbal or physical conduct by any associate (or other person) which illegally discriminates, harasses, disrupts or interferes with the work performance of an associate or which creates an intimidating, offensive or hostile work environment.

Delhaize America prohibits all illegal discrimination, including harassment of any associate in the workplace, for any illegal discriminatory reason, such as age, gender identity or expression, race, national origin, physical abilities, religious beliefs, sexual orientation and other characteristics or categories protected by law. Harassment can take many forms and includes behavior that annoys, offends, threatens, disturbs others or which creates an unpleasant or hostile environment. Such behavior can be either verbal or physical. Examples of harassment may include, among other things, bullying, humiliating, taunting, disparaging, degrading, provoking or making inappropriate references to others.

Sexual harassment is among the types of discrimination and harassment prohibited by this Anti-Harassment/Anti-Discrimination Policy. Sexual harassment includes unwelcome sexual advances and requests for sexual favors. Other unwelcome conduct which may constitute harassment includes, but is not limited to, the following:

   a. **Verbal:** repeated sexual innuendo's, sexual epithets, derogatory slurs, off-color jokes, propositions threats or suggestive or insulting sounds;

   b. **Visual/Non-Verbal:** derogatory posters, cartoons or drawings; suggestive objects or pictures; graphic commentaries; leering; or obscene gestures

   c. **Physical:** unwanted physical contact, including touching, interference with an individual's normal work movement or assault; and

Other: making or threatening reprisals as a result of a response to discrimination including harassment. Such verbal and physical conduct may constitute harassment when:

   a.
   
       a. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;
   
       b. Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting the individual; or

**EXHIBIT B**

c. Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

**NOTE: ALL ASSOCIATES, SUPERVISORY OR NON-SUPERVISORY, ARE PROHIBITED FROM ENGAGING IN THE ABOVE-DESCRIBED CONDUCT.**

Delhaize America strongly discourages consenting romantic or sexual relationships between members of the organization when one person has a direct/indirect reporting relationship to the other. The trust and respect which associates have for supervisors and managers can make it difficult for them to comfortably reject sexual advances; associates may even feel flattered by the attention. But managers have the power to give or withhold rewards such as praise, raises and recommendations, which can mean that their romantic or sexual relationship with an associate may not be truly consensual.

If a manager (supervisor) becomes romantically or sexually involved with a subordinate, that manager (supervisor) must discuss the situation immediately with management so that appropriate arrangements can be made to remove him or her from any decisions affecting the subordinate as soon as possible. Which may include transferring the member of management to another department.

## Procedure for Reporting Harassment and/or Discrimination

When an associate feels he or she is being harassed or discriminated against in any fashion, he or she must report the incident promptly. There are several ways to report harassment or discrimination:

   a. Notify any of the following individuals:

   - a member of management;
   - the Associate Relations representative for his/her store or district or
   - the Director or Vice President of Associate Relations for his/her region .

   b. Alternatively, associates may report any concerns or possible violations of this or any other policy by calling I-Share (**1-855  5 ISHARE**).

Managers, who see, suspect or receive complaints or become aware of harassment or discrimination must inform the Associate Relations representative for his/her store , district or department  immediately.

Once an allegation of harassment or discrimination is brought to the attention of one of the individuals noted above, or made through the I-Share tools, a fact-finding investigation will be launched promptly. If necessary, intermediate measures may be taken before completing the investigation to ensure that further discrimination, including harassment, does not occur.

**EXHIBIT B**

Delhaize America will protect the confidentiality of the allegations to the extent possible when dealing with and investigating such charges; only individuals directly involved in an

investigation and those having a legitimate "need to know" will be informed of the existence or facts of an investigation, except to the extent required by law.

Any associate who is found, after appropriate investigation, to have engaged in illegal discrimination, including harassment of any kind toward another associate, a customer or a supplier to Delhaize America will be subject to appropriate disciplinary action, up to and including termination of employment. Delhaize America will also consider taking any such action as may be appropriate against any non-associate engaging in the illegal discrimination, including harassment of an associate.

## Anti-Retaliation

Delhaize America will not take any action in retaliation against any associate who, in good faith and with a genuine belief that he/she has been discriminated against or harassed, brings or voices a complaint pursuant to this policy. In addition, Delhaize America will not tolerate any retaliatory acts by other individuals. Retaliation is a serious violation of the company's policy and the law, and should be reported immediately. Any persons found to have retaliated against a Delhaize America associate because such associate (1) made a good faith discrimination complaint, (2) participated honestly and in good faith in any investigation into a discrimination complaint, and/or (3) opposed acts of illegal discrimination in the workplace, will be subject to discipline, up to and including termination.

Individuals who knowingly bring false charges of discrimination, including harassment, against another Delhaize America associate or other individual shall be subject to discipline, up to and including termination.

**EXHIBIT B**



# EMPLOYEE NOTICE

1.      This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Food Lion, LLC ("Food Lion") in a case alleging religious discrimination.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.      Food Lion, LLC will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2017.

**EXHIBIT C**

## List of Stores in Winston-Salem/Mount Airy Region as of July 1, 2015

| Store | City | State |
|---|---|---|
| 133 | Winston Salem | NC |
| 288 | Mt. Airy | NC |
| 334 | Kernersville | NC |
| 432 | King | NC |
| 441 | Mount Airy | NC |
| 473 | Winston Salem | NC |
| 508 | Sparta | NC |
| 613 | Jonesville | NC |
| 944 | Pilot Mountain | NC |
| 1048 | North Wilkesboro | NC |
| 1293 | Yadkinville | NC |
| 1044 | Winston Salem | NC |
| 1347 | Mount Airy | NC |
| 1352 | Elkin | NC |
| 1353 | Pfafftown | NC |
| 1386 | Kernersville | NC |
| 1510 | Winston Salem | NC |
| 1518 | Rural Hall | NC |
| 1677 | Millers Creek | NC |
| 2103 | Dobson | NC |
| 2582 | Wilkesboro | NC |
| 2639 | King | NC |
| 2674 | Walkertown | NC |

**EXHIBIT D**